■ MICHAEL MURPHY et al., Appellants, v RICHARD MALOUF et al., Respondents. [801 NYS2d 764]—

In an action, inter alia, to recover damages for damage to property, the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Sweeny, J.), entered March 8, 2004, which, upon a jury verdict on the issue of liability (Hickman, J., at trial), and upon the denial of their motion, inter alia, pursuant to CPLR 4404 to set aside the verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, and a new trial is granted, with costs to abide the event.

As the plaintiffs' newly-installed oil tanks were being filled for the first time, one of the tanks ruptured, causing a discharge of petroleum and property damage. The defendants had installed the tanks with $1^1/_4$-inch vent piping. The evidence showed that the manufacturer of the newly-installed tanks specified the use of a two-inch vent piping when installing the subject tanks, which had two-inch inlet pipes. The plaintiffs' expert testified that the use of the $1^1/_4$-inch vent piping rather than two-inch vent piping caused pressure to build up in the tank and that this was the sole proximate cause of the accident. The defendant Richard Malouf testified that he did not know why there was a tank failure and the defendants did not submit any expert evidence to establish the cause of the rupture.

We agree with the plaintiffs' contention that the jury could not have reached its verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]). No evidence was adduced that the accident was caused by any means other than the manner described by the plaintiffs' expert. Hence, the verdict was against the weight of the evidence, and the plaintiffs are entitled to a new trial (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Nicastro v Park, supra*).

The plaintiffs' remaining contentions are either unpreserved

for appellate review, or have been rendered academic in light of our determination. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.